UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

PLANTATION OPEN MRI, LLC,
a/a/o JORGE HIDALGO on behalf of itself
and all others similarly situated,

    Plaintiff,                                                                         CLASS ACTION

INFINITY AUTO INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Infinity Auto Insurance Company ("Infinity") invokes the removal jurisdiction of the United States District Court for the Southern District of Florida with regard to the above-captioned matter, currently pending as Civil Action Number CACE-19-004473 in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. Infinity files this Notice without waiving any defenses, exceptions, or obligations that may exist in state or federal court. This removal is based on the following grounds:

### THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT

1. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 in that it is being filed within thirty (30) days after Infinity first received a copy of the initial pleadings. Infinity was served on March 8, 2019. Notice of Service of Process, at p. 1.

2. The Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida is located within the Southern District of Florida, Fort Lauderdale Division.

### PLEADINGS AND NOTICE TO STATE COURT

3. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings filed in the state court action are attached as Exhibit 1.

4. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of Court of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

## PROCEDURAL HISTORY OF THIS ACTION

5. Plaintiff Plantation Open MRI, LLC a/a/o Jorge Hidalgo, on behalf of itself and all others similarly situated ("POM" or "Plaintiff") initially filed a Class Action Complaint against Infinity on June 26, 2018 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which was removed to the United States District Court for the Southern District of Florida Fort Lauderdale Division ("this Court") on August 7, 2018.

6. The action proceeded before this Court under case number 18-61825-CIV-COHN/SELTZER ("First Hidalgo Action"). POM acknowledges the existence of the First Hidalgo Action (*see* Compl. at p. 2, ¶ 6(2) n. 1) and attaches numerous filings to the Complaint from the First Hidalgo Action, including the Notice of Removal, Affidavit in Support of Removal, and Civil Cover Sheet among others. *See* Compl., Composite Exhibit 2.

7. POM, as assignee of different Infinity insureds, later filed two other putative class actions against other Infinity entities. Those actions were removed to this Court and consolidated into the First Hidalgo Action. *See* D.E. 46 in *Plantation Open MRI, LLC a/a/o Jorge Hidalgo v. Infinity Auto Insurance Company* Case No. 18-61825-CIV-COHN/SELTZER (consolidating *Plantation Open MRI, LLC a/a/o Shawn Thomas v. Infinity Indemnity Insurance Company,* Case No. 18-62533-CIV-COHN/SELTZER (S.D. Fla.) and *Plantation Open MRI, LLC a/a/o Gloria*

*Diaz v. Infinity Assurance Insurance Company;* 18-62532-CIV COHN/SELTZER (S.D. Fla.) into the First Hidalgo Action).

8. On January 22, 2019, Judge Cohn entered an Order granting Defendants' Consolidated Motion to Dismiss. D.E. 72 in *Plantation Open MRI, LLC a/a/o Jorge Hidalgo v. Infinity Auto Insurance Company* Case No. 18-61825-CIV-COHN/SELTZER. By this Order, Judge Cohn dismissed the First Hidalgo Action, as well as the consolidated class actions, **with prejudice**. *Id.* (emphasis in original).

9. POM filed a Motion to Alter, Amend, and/or Grant Relief from Judgment with the trial court (D.E. 74) which motion was denied. D.E. 90 in *Plantation Open MRI, LLC a/a/o Jorge Hidalgo v. Infinity Auto Insurance Company* Case No. 18-61825-CIV-COHN/SELTZER.

10. POM appealed the Order granting Defendants' Consolidated Motion to Dismiss to the United States Court of Appeals for the Eleventh Circuit. *See* D.E. 87 and D.E. 97 in *Plantation Open MRI, LLC a/a/o Jorge Hidalgo v. Infinity Auto Insurance Company* Case No. 18-61825-CIV-COHN/SELTZER.

11. Although POM's claim has been adjudicated and POM has invoked the jurisdiction of the Eleventh Circuit Court of Appeals to review the Order dismissing its claim, POM has now re-filed the same action against Infinity in Florida state court ("The Second Hidalgo Action").

12. The Second Hidalgo Action involves the same parties, the same underlying insurance policy, the same underlying medical treatment rendered to Infinity's insured, Jorge Hidalgo on November 21, 2017, and the same bill for such treatment. *Compare* Compl., Exhibit 1 *with* D.E. 1-2 at pp. 56-57 in *Plantation Open MRI, LLC a/a/o Jorge Hidalgo v. Infinity Auto Insurance Company,* Case No. 18-61825-CIV-COHN/SELTZER.

13. Accordingly, the Second Hidalgo Action is a refiled action. *See e.g. Jimenez v. Wellstar Health Sys.,* No. 1:09-cv-620-MHS, 2010 WL 11500041, at *1 n. 1 (N.D. Ga. Jan. 7, 2010) (defining a refiled case as "a pending case that involves some or all of the same parties and issues and is substantially the same as a previously dismissed case").[1] In other words, POM does not and cannot dispute that this is a refiled action; indeed, POM acknowledges as much in its Complaint and the attachments thereto. *See* Compl. at p. 2, ¶ 6(2) n.1 & Exhibit 2.

## **REMOVAL JURISDICTION**

14. Infinity may remove any civil action that could have been brought originally in federal court. 28 U.S.C. § 1441(a).

15. "Federal law generally establishes two types of original subject-matter jurisdiction: 'federal question jurisdiction' and 'diversity jurisdiction.'" *Cranman v. Onewest Bank FSB*, 1:12-cv-2754, 2013 WL 12067451, at *2 (N.D. Ga. Sept. 11, 2013) (citing 28 U.S.C. §§ 1331 and 1332).

16. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

17. This action satisfies the statutory requirements for jurisdiction of the United States District Court over purported class actions pursuant to 28 U.S.C. § 1332. The statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

---

[1] POM contended the First Hidalgo Action included a claim concerning misapplication of the deductible. *See* D.E. 61 at pp. 25-26 and D.E. 73 at pp. 7, 10-12 in *Plantation Open MRI, LLC a/a/o Jorge Hidalgo v. Infinity Auto Insurance Company* Case No. 18-61825-CIV-COHN/SELTZER. POM describes the Second Hidalgo Action as "limited to the Deductible Adjustments." Compl., p. 2, ¶ 6(2) n.1.

interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

18. In determining the amount in controversy for jurisdiction under the Class Action Fairness Act ("CAFA"), "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." *See* 28 U.S.C. § 1332(d)(6).

19. In its Notice of Removal in the First Hidalgo Action, Infinity details the basis for this Court's jurisdiction over the action; the Notice and supporting affidavit are attached to the Complaint presently at issue. *See* Composite Exhibit 2 to Compl. Accordingly, Infinity relies on its previous Notice of Removal and Affidavit in Support of Removal in the First Hidalgo Action. *See* Compl., Composite Exhibit 2. For ease of reference, Infinity has provided a copy of the Notice of Removal and Affidavit in Support of Removal from the First Hidalgo Action as Exhibit 2 hereto. POM did not challenge the removal of the First Hidalgo Action, and recently acknowledged the propriety of this Court's subject matter jurisdiction in that action. *See* Exhibit 3 hereto (POM's response to the Eleventh Circuit's question regarding jurisdiction).

20. 28 U.S.C. § 1367(a) provides that:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

21. Federal courts have recognized that a court may exercise supplemental jurisdiction where the court's original jurisdiction is premised on diversity of citizenship. *See Shanaghan v. Cahill*, 58 F.3d 106, 109-110 (4th Cir. 1995); *see also Exact Software N. Am. v. DeMoisey,* 718 F. 3d 535, 541-542 (6th Cir. 2013).

22. Pursuant to CAFA, this Court had original jurisdiction over the First Hidalgo Action—a breach of contract claim for PIP benefits. Accordingly, this Court has supplemental jurisdiction over a breach of contract claim for PIP benefits premised on a different theory of recovery (purported misapplication of the deductible) in the Second Hidalgo Action. Both claims are so related that they form part of the same case or controversy. Specifically—as the allegations and exhibits to both complaints confirm—both actions center on the same underlying insurance policy, the same policy provision, the same insured/assignor, the same medical treatment, and the same bill for such treatment. Going further, both actions involve the same parties and the same cause of action—a claim for breach of contract asserting that Infinity underpaid PIP benefits due on the same underlying transaction.

23. By the Second Hidalgo Action, POM attempts to circumvent this Court's ruling in the First Hidalgo Action.

24. As will be more fully briefed in a response to the Complaint, it is difficult to understand how the causes of action POM asserts in this case will survive scrutiny under the doctrine of res judicata, in light of the dismissal order entered in the First Hidalgo Action. Res judicata "applies to bar an action" where, as here, "the same issue was presented" in "an earlier suit resulting in a judgment adverse to the party bringing the subsequent claim." *Fed. Deposit Ins. Corp. v. Hemmerle*, 592 So. 2d 1110, 1115 (Fla. 4th DCA 1991); *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) ("Importantly, the doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case.")[2]; *see also Akanthos Capital Mgmt., LLC v. Atlanticus*

---

[2] Federal common law "adopts the state rule of res judicata to determine the preclusive effect of an earlier judgment of a federal court that exercised diversity jurisdiction." *CSX Transp., Inc. v.*

*Holdings Corp.*, 734 F.3d 1269, 1271 (11th Cir. 2013) ("When a judgment is rendered for the defendant, the plaintiff's claim is extinguished; "*res judicata* bars the plaintiff from relitigating that same claim against the same defendant.") (citations omitted); *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) ("Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or *could have been raised in that action*.") (italics added); *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1270 (11th Cir. 2002) (A plaintiff is precluded from filing a second suit where "[b]oth involve breaches of the same contract, committed by the same party and involving the same general type of conduct."); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata.").

25. Florida courts and federal courts agree that, under principles of res judicata, a Plaintiff is precluded from splitting claims relating to the same transaction or occurrence into different suits. *Hard Rock Café Int'l v. Am. Horse, LLC*, 6:11-cv-1554, 2012 WL 503881, at *2 (M.D. Fla. Jan. 6, 2012) (addressing the claim-splitting doctrine under federal and Florida law); *Leahy v. Batmasian*, 960 So. 2d 14, 18 (Fla. 4th DCA 2007) ("[t]he law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action against the same party for the same cause.") (quoting *Mims v. Reid*, 98 So. 2d 498, 500-01 (Fla. 1957)); *Dep't of Agric. & Consumer Servs. v. Mid-Fla. Growers, Inc.*, 570 So. 2d 892, 901 (Fla. 1990) ("The rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action.")

---

*Gen. Mills, Inc.*, 846 F.3d 1333, 1338 (11th Cir. 2017) (citing *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001)).

26. "Such a policy ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'" *Greene v. H & R Block E. Enter., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (quoting *Stark v. Starr*, 94 U.S. 477, 485 (1876)). "The effect of this restriction is twofold: to ensure fairness to litigants and to conserve judicial resources." *Id.* (citing *Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1306–09 (11th Cir. 2010) (discussing related doctrine of claim preclusion and its judicial purpose).

27. Moreover, the Florida Motor Vehicle No-Fault Law requires that "all claims related to the same health care provider for the same injured person shall be brought in one action." § 627.736(15), Fla. Stat.; *see also Short v. Hartford Ins. Co.*, 26 Fla. L. Weekly Supp. 6a (12th Cir. App. 2018) (affirming dismissal of second suit for PIP benefits and recognizing that the PIP statute requires that all claims be brought in a second action).

## Class Action Allegations

28. In the Complaint, POM purports to bring this action as a class action on behalf of itself and others similarly situated under Rule 1.220 of the Florida Rules of Civil Procedure. *See* Compl. ¶¶ 1, 6, 12, 31.

## Diversity of Citizenship

29. The Complaint alleges that POM is a Florida corporation. Compl., ¶ 5.

30. POM is a Florida limited liability company whose two members are both citizens of the state of Florida. POM's members are Andrew Byers and Dr. Douglas Neil Hornsby, who respectively own 85% and 15% interests in POM. *See* Exhibit 4. Mr. Byers is domiciled in Broward County, Florida, and has indicated his intent to permanently reside in Florida by claiming a homestead exception on his residence in Broward County. *See* Exhibit 5. Dr. Douglas

Neil Hornsby is domiciled in Miami-Dade County, Florida and has indicated his intent to permanently reside in Florida by claiming a homestead exemption on his residence in Miami-Dade County. *See* Exhibit 6.

31. The Complaint alleges that Infinity is a foreign for-profit corporation authorized to transact business in Broward County, Florida. Compl. ¶ 7. Infinity is incorporated under the laws of the state of Ohio and its principal place of business is in Birmingham, Alabama. *See* Affidavit of Lauren Gurosky, D.E. 1-1, Case No. 18-cv-61825-COHN/Seltzer, a copy of which is attached as Exhibit 6 (and attached to the instant Complaint as Composite Exhibit 2).

32. As Infinity is a citizen of a State different from the Plaintiff, diversity exists between Infinity and the Plaintiff. 28 U.S.C. § 1332(d)(2)(A).

Jurisdictional Amount

33. This action meets the minimum amount in controversy for class action jurisdiction. *See* 28 U.S.C. § 1332(d)(2).

34. Plaintiff's Complaint alleges that it is seeking in excess of $15,000, exclusive of interests, costs, and attorneys' fees. Compl. at ¶ 4.

35. The amount placed in controversy by the allegations in the First Hidalgo Action exceeds $5,942,302. *See* D.E. 1 at pp. 56-57 in *Plantation Open MRI, LLC a/a/o Jorge Hidalgo v. Infinity Indemnity Insurance Company* Case No. 18-61825-CIV-COHN/SELTZER.

36. It is undisputed that this Court had original jurisdiction over the First Hidalgo Action, as POM recently acknowledged. *See* Exhibit 2.

37. Because the allegations in the Second Hidalgo Action stem from the same nucleus of operative facts as the First Hidalgo Action, this Court can exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the claims framed in POM's new complaint concerning the

misapplication of the deductible. A claim is part of the same case or controversy if it "derives from a common nucleus of operative fact." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Trustmark Ins. Co.,* 299 F.3d 1265, 1269–70 (same; noting that "[c]laims are part of the same "cause of action" when they "arise out of the same transaction or series of transactions.") (quoting *Piper Aircraft*, 244 F.3d at 1297).

38. The claims POM asserts in this action "derive from the same nucleus of operative fact" and "arise out of the same transaction or series of transactions" as the claims POM asserted in the First Hidalgo Action. Specifically, both actions are predicated on the same underlying insurance policy, the same policy provision, the same insured/assignor, and the same bill for the same medical treatment allegedly provided by POM and for which POM now seeks additional PIP benefits. And both actions involve the same parties and the same cause of action—a claim for breach of contract.

39. Accordingly, because POM's claims are required to be brought in one action—and this Court has original jurisdiction over the First Hidalgo Action—this Court may exercise supplemental jurisdiction over the Second Hidalgo Action and this action is properly removed before this Court.

## CONCLUSION

For all the foregoing reasons, Defendant Infinity Auto Insurance Company respectfully requests this Court assume full jurisdiction over the cause herein, as provided by law.

Respectfully submitted,

SHUTTS & BOWEN LLP
*Attorneys for Defendant, Infinity Auto Insurance Company*
4301 W. Boy Scout Blvd.
Suite 300
Tampa, FL 33607
Telephone: 813-227-8113
Facsimile:  813-227-8213

-and-

200 S. Biscayne Blvd., Suite 4100
Miami, FL 33131
Telephone:  (305) 358-6300
Facsimile:   (305) 381-9982

By:  */s/ Suzanne Y. Labrit*
Suzanne Youmans Labrit, B.C.S.
Florida Bar No. 661104
Primary: *slabrit@shutts.com*
Secondary: *tjossi-tyler@shutts.com*
Secondary: *trosenberger@shutts.com*
Rachel LaMontagne
Florida Bar No. 94692
Primary: *rlamontagne@shutts.com*
Secondary: *khenley@shutts.com*
Victoria San Pedro Madani
Florida Bar No. 111747
Primary: *vmadani@shutts.com*
Secondary: *khenley@shutts.com*
Garrett A. Tozier
Florida Bar No. 104834
Primary: *gtozier@shutts.com*
Secondary: *tjossi-tyler@shutts.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Electronic Mail this 8th day of April, 2019 to:

Jose P. Font, Esq.
Sean A. Storani, Esq.
Font & Nelson, PLLC
200 S. Andrews Avenue, Suite 501
Fort Lauderdale, FL 33301
Primary E-mail:
Pleadings@fontnelson.com
Secondary E-mail:
nkronen@fontnelson.com

*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　*/s/ Suzanne Y. Labrit*

TPADOCS 22505314 1 37568.0011